**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| BRAD WINCHELL, PATRICK INSCHO, GEORGE HENGLE, MARK MONTGOMERY, AND ELIZABETH JENSEN, *on behalf of themselves and all others similarly situated*, :<br><br>Plaintiffs, :<br>v. :<br><br>LEXIS NEXIS RISK SOLUTIONS FL, INC., :<br><br>Defendant. : | Civil Case No. ____3:18-cv-0047-HEH____ |

## CLASS ACTION COMPLAINT

The Plaintiffs, Brad Winchell, Patrick Inscho, George Hengle, Mark Montgomery, and Elizabeth Jensen ("Plaintiffs"), on behalf of themselves and all others similarly situated, by counsel, allege as follows in support of this Complaint against the Defendant:

## PRELIMINARY STATEMENT

1.     Recognizing that employers, lenders, and landlords use consumer reports to deny people jobs, credit, and housing, Congress enacted the Fair Credit Reporting Act to ensure that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To accomplish these ends, one of the statute's cornerstone provisions requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). Section 1681e(b) imposes a high standard. *See, e.g., Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b) and explaining that "'assure' means 'to make sure or certain: put beyond all doubt.' 'Maximum' means the 'greatest in quantity or

highest degree attainable' and 'possible' means something 'falling within the bounds of what may be done, occur or be conceived . . .'" (internal citations omitted) (quoting Webster's Third New International Dictionary 133, 1396, 1771 (1993).

2.      Defendant is a consumer reporting agency that has "amassed the largest, most comprehensive base of information in the world today."[1] Nevertheless, Defendant *knowingly* furnishes inaccurate and incomplete information regarding consumer bankruptcies. In order to maximize its profits, Defendant allows its customers to obtain partial information rather than furnishing all the material information in its database related to bankruptcies. Consistent with its standard procedures, Defendant furnished an inaccurate and incomplete report regarding Plaintiffs. Defendant did not provide any information regarding each of the Plaintiffs' bankruptcy discharge to FactorTrust, Inc., who wanted to save 35 cents rather than obtaining a complete and accurate report regarding Plaintiffs' bankruptcies. Defendant's practice deprives consumers of their important statutory right to have only maximally accurate information reported about them.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

4.      Venue is proper in this District and Division because a substantial part of the events and omissions giving rise to the claim occurred in this District and Division.

## PARTIES

5.      Plaintiff Brad Winchell is a natural person, resident of the Richmond Division, and is a "consumer" as defined by 15 U.S.C. §1681a(c).

---

[1] http://www.lexisnexis.com/risk/about/data.aspx.

6.      Plaintiff Patrick Inscho is a natural person, resident of the Commonwealth of Virginia and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7.      Plaintiff George Hengle is a natural person, resident of the Richmond Division and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Plaintiff Mark Montgomery is a natural person, resident of the Commonwealth of Virginia and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Plaintiff Elizabeth Jensen is a natural person, resident of the Richmond Division and is a "consumer" as defined by 15 U.S.C. §1681a(c).

10.     Defendant LexisNexis Risk Solutions FL, Inc. ("Defendant"), is a Minnesota corporation doing business in the Commonwealth of Virginia. Defendant advertises that it "offers the largest and most comprehensive base of public and proprietary information available today," including "65 billion public and proprietary records that are refreshed daily with an additional one million search records." Defendant further claims to "provide coverage on more than 279 million unique identities[.]" Defendant sells this information to third parties so that they can evaluate consumers' eligibility for credit, insurance, and/or employment. Accordingly, Defendant is a consumer reporting agency as defined by § 1681a.

## FACTS

11.     Defendant affirmatively seeks out and purchases public record data, including derogatory information, such as bankruptcies and civil judgments, in the consumer reports it sells concerning consumers.

12.     Defendant proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires Defendant to do so.

13.     In order to maximize profits, Defendant allows its customers to obtain partial information rather than furnishing all the material information in its database related to these public records.

14.     For example, Defendant allows its customers to purchase partial information regarding consumer bankruptcies, such as the mere fact that a consumer filed for bankruptcy.

15.     Defendant charges its customers additional amounts for complete and accurate disposition information, including information related to bankruptcy discharges.

16.     Defendant's failure to provide bankruptcy discharge information is a violation of 15 U.S.C. § 1681e(b). Rather than ensuring the maximum possible accuracy of its reports, Defendant furnishes incomplete and inaccurate information regarding bankruptcy discharges in order to sell a higher volume of reports.

17.     Omitting the discharge information causes particularized and concrete harms to consumers, including but not limited to: (1) damages to their reputations, (2) reductions to their credit worthiness, (3) credit, employment, and/or insurance denials, and (4) increased risks that they would be denied credit, employment, or insurance.

18.     Indeed, FactorTrust, Inc., the entity that obtained the consumer report from Defendant, acknowledges that updating the status of a public record plays a critical role in determining a consumer's creditworthiness.

19.     For example, FactorTrust's website explains "[a]n occurrence of a bankruptcy, as well as, the current status is key information in considering the credit worthiness of an applicant. A consumer currently in bankruptcy proceeding or those who have been discharged are vastly different in terms of risk profile and should be managed accordingly."

20.     Nonetheless, Defendant adopted unreasonable procedures to ensure it sold as many reports as possible even if those reports were inaccurate and incomplete.

21.     Consistent with its standard procedures, Defendant reported grossly inaccurate bankruptcy information regarding Plaintiffs.

22.     For example, Plaintiff Winchell filed for a bankruptcy on February 24, 2009, and received a discharge on May 27, 2009. *See In Re Winchell*, Case No. 3:09-bk-31208 (Bankr. E.D. Va. 2009).

23.     Defendant nonetheless failed to include any reference to Plaintiff Winchell's bankruptcy discharge when it furnished Plaintiff Winchell's consumer report to FactorTrust.

24.     Likewise, Plaintiff Inscho filed for a bankruptcy on March 7, 2012, and received a discharge on June 11, 2012. *See In Re Inscho*, Case No. 12-12536 (Bankr. E.D. Va. 2012).

25.     Defendant nonetheless failed to include any reference to Plaintiff Inscho's bankruptcy discharge when it furnished Plaintiff Inscho's consumer report to FactorTrust.

26.     Likewise, Plaintiff Hengle filed for a bankruptcy in September 2008, and received a discharge on October 10, 2014. *See In Re Hengle*, Case No. 08-34776 (Bankr. E.D. Va. 2008).

27.     Defendant nonetheless failed to include any reference to Plaintiff Hengle's bankruptcy discharge when it furnished Plaintiff Hengle's consumer report to FactorTrust.

28.     Similarly, Plaintiff Montgomery filed for a bankruptcy on May 18, 2006, and received a discharge on October 27, 2008. *See In Re Montgomery*, Case No. 06-70481 (Bankr. E.D. Va. 2006).

29.     Defendant nonetheless failed to include any reference to Plaintiff Montgomery's bankruptcy discharge when it furnished Plaintiff Montgomery's consumer report to FactorTrust.

30.    Likewise, Plaintiff Jensen filed for a bankruptcy on July 2, 2008, and received a discharge on October 15, 2008. *See In Re Jensen*, Case No. 08-33101 (Bankr. E.D. Va. 2008).

31.    Defendant nonetheless failed to include any reference to Plaintiff Jensen's bankruptcy discharge when it furnished Plaintiff Jensen's consumer report to FactorTrust.

32.    Defendant provided the inaccurate information to FactorTrust regarding in Plaintiff within the past five years.

33.    At all times pertinent to this Complaint, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Defendant's conduct was willful because it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions critical of similar conduct; and Defendant has knowingly subject thousands of consumers to same unlawful conduct.

**COUNT ONE:**
**Violation of 15 U.S.C. § 1681e(b)**
**CLASS CLAIM**

34.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

35.    **The § 1681e(b) Bankruptcy Class**. Plaintiffs bring this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class (the "Bankruptcy Class"), initially defined as follows:

> All natural persons in the United States who: (1) were subject of a consumer report furnished by Defendant to a third party within the five years preceding the filing date of this Complaint; (2) where the consumer report contained an outstanding bankruptcy; and (3) the records from Defendant or PACER show that the bankruptcy had been discharged, dismissed, withdrawn or otherwise closed.

36.     **The FactorTrust Subclass**. Plaintiffs also bring this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following subclass (the "FactorTrust Subclass"), initially defined as follows:

> All natural persons who: (1) were subject of a consumer report furnished by Defendant to FactorTrust within the five years preceding the filing date of this Complaint; (2) where the consumer report contained an outstanding bankruptcy; and (3) the records from Defendant or PACER show that the bankruptcy had been discharged, dismissed, withdrawn or otherwise closed.

37.     **Numerosity. Fed. R. Civ. P. 23(a)(1).** Upon information and belief, Plaintiffs allege that the Bankruptcy Class and FactorTrust Subclass are so numerous that joinder all class members' claims is impractical. The class members' names and addresses are identifiable through documents maintained by Defendant and through publically available court records, and they may be notified of the pendency of this action by published and/or mailed notice.

38.     **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Bankruptcy Class and FactorTrust Subclass. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, by example only and without limitation: (1) whether Defendant adopted reasonable procedures to collect and update its bankruptcy records; (2) whether Defendant's failure to sell bankruptcy disposition information violated § 1681e(b) of the FCRA; (3) whether Defendant's violation was knowing, intentional or in reckless disregard for the rights of the consumers; and (4) the proper measure of damages for Plaintiffs and the class members.

39.     **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each member of the class. Plaintiffs are entitled to relief under the same cause of action as the other class members. The procedures for both credit reporting and collecting bankruptcy

dispositions were the same. The willfulness evidence is the same. And the time frame within which all actions relevant to this class claim took place is the same.

40. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate class representatives because his interests coincide with and are not antagonistic to the interests of the class members he seeks to represent; he has retained counsel competent and experienced in such litigation. Plaintiffs and their counsel will fairly and adequately protect the class members' interests.

41. **Superiority. Fed. R. Civ. P. 23(b)(3).** As alleged above, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the individual class members to effectively redress the wrongs done to them. And in fact, not a single putative class member has filed or attempted the class claim. Even if the class members could afford individual litigation, it would be an unnecessary burden on the Court. In fact, it is also likely that many class members may not even know of the underlying inaccuracy, not having yet discovered the uncorrected public record, otherwise reviewed their current credit report, or known of LexisNexis's sale of their credit information. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs in a case.

42.     As explained above, Defendant violated § 1681e(b) as to the Plaintiffs and to the class by failing to follow reasonable procedures to ensure the maximum possible accuracy of bankruptcy dispositions when it published consumer reports concerning Plaintiffs and the putative class members.

43.     Plaintiffs and the class members' consumer reports were materially inaccurate and reported a major derogatory public record that Defendant was legally obligated to report.

44.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.

45.     In the alternative, Defendant's violation of 15 U.S.C. § 1681e(b) was negligent, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n.

46.     Plaintiffs and each class member are entitled to recover statutory damages between $100 and $1,000, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, moves for class certification and for statutory and punitive damages, as well as his attorney's fees and costs against the Defendant and such other relief the Court deems proper.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFFS**

By: ___*/s/ Kristi C. Kelly*_____
         Counsel

Kristi Cahoon Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, VSB No. 84261
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202

Fairfax, VA 22030
Phone: 703-424-7570
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com
*Counsel for Plaintiffs*