IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRAD WINCHELL, *et al.* | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) ) Civil Case No. 3:18-cv-0047-HEH |
| LEXISNEXIS RISK SOLUTIONS FL, INC., | ) ) ) |
| Defendant. | ) ) ) |

**ANSWER OF DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.
TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant, LexisNexis Risk Solutions Inc. ("LNRS")[1], by counsel, submit the following Answer to the Class Action Complaint ("Complaint") filed by Plaintiffs Brad Winchell, Patrick Inscho, George Hengle, Mark Montgomery, and Elizabeth Jensen (collectively, "Plaintiffs"). LNRS denies all allegations in Plaintiffs' Complaint that it does not expressly admit in this Answer.

LNRS responds to the specific allegations in the enumerated paragraphs in Plaintiffs' Complaint as follows:

**PRELIMINARY STATEMENT**

1. No answer is necessary to paragraph 1 of Plaintiffs' Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 1 are contrary to law, they are denied.

---

[1] Plaintiffs' Complaint names LexisNexis Risk Solutions FL Inc. as the defendant. The proper defendant is LexisNexis Risk Solutions Inc. ("LNRS").

1

2. The allegations in paragraph 2 of Plaintiffs' Complaint refer to a website, which speaks for itself. To the extent that the allegations in paragraph 2 of Plaintiffs' Complaint vary from the text of the website itself, they are denied. LNRS denies the remaining allegations in paragraph 2 of Plaintiffs' Complaint.

**JURISDICTION**

3. LNRS acknowledges that this Court has subject matter jurisdiction over actions arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). LNRS denies the remaining allegations of paragraph 3 of Plaintiffs' Complaint.

4. No answer is necessary to paragraph 4 of Plaintiffs' Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 4 of Plaintiffs' Complaint are contrary to law, they are denied.

**PARTIES**

5. LNRS denies the allegations in paragraph 5 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. LNRS denies the allegations in paragraph 6 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. LNRS denies the allegations in paragraph 7 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

8. LNRS denies the allegations in paragraph 8 of Plaintiffs' Complaint lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. LNRS denies the allegations in paragraph 9 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. LNRS denies that it is a Minnesota corporation and states that LNRS is a Georgia corporation that conducts business in the Commonwealth of Virginia. The remaining allegations in paragraph 10 of Plaintiffs' Complaint refer to a website, which speaks for itself. To the extent that the allegations in paragraph 10 of Plaintiffs' Complaint vary from the text of the website itself, they are denied. To the extent that remaining allegations in paragraph 10 of Plaintiffs' Complaint are contrary to law, they are also denied.

## FACTS

11. LNRS admits that it retrieves information from courts and makes that information available to certain customers for a fee. No answer is necessary to the remaining allegations in paragraph 11 of Plaintiffs' Complaint relating to "consumer reports" because those allegations only contain legal conclusions. To the extent that the remaining allegations in paragraph 11 are contrary to law, they are denied.

12. LNRS admits that it retrieves information from courts and makes that information available to certain customers in accordance with an agreement entered into with that customer. LNRS further states that courts and the legislatures have determined that the public should have access to this information, including for legitimate business needs generally and for purposes permitted under 15 U.S.C. § 1681b. LNRS denies the remaining allegations in paragraph 12 of Plaintiffs' Complaint.

13. LNRS denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14. LNRS denies the allegations in paragraph 14 of Plaintiffs' Complaint to the extent they relate to Plaintiffs Patrick Inscho and George Hengle. LNRS denies the remaining allegations in paragraph 14 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15. LNRS denies the allegations in paragraph 15 of Plaintiffs' Complaint.

16. LNRS denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17. LNRS denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18. LNRS denies the allegations in paragraph 18 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

19. The allegations in paragraph 19 of Plaintiffs' Complaint refer to a website, which speaks for itself. To the extent that the allegations in paragraph 19 of Plaintiffs' Complaint vary from the text of the website itself, they are denied.

20. LNRS denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21. LNRS denies the allegations in paragraph 21 of Plaintiffs' Complaint.

22. LNRS denies the allegations in paragraph 22 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23. LNRS denies the allegations in paragraph 23 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. LNRS denies the allegations in paragraph 24 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25. LNRS denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26. LNRS denies the allegations in paragraph 26 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

27. LNRS denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28. LNRS denies the allegations in paragraph 28 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

29. LNRS denies the allegations in paragraph 29 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

30. LNRS L denies the allegations in paragraph 30 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

31. LNRS L denies the allegations in paragraph 31 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

32. LNRS denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33. LNRS denies the allegations in paragraph 33 of Plaintiffs' Complaint.

## CLAIM ONE:
### Alleged Violation of 15 U.S.C. § 1681e(b)

34. LNRS restates and reincorporates by reference each and every preceding paragraph of this Answer as if set forth fully herein.

35. LNRS admits that Plaintiffs purport to bring this claim on behalf of a class. LNRS further admits that Plaintiffs purport to define the class as stated in paragraph 35 of Plaintiffs' Complaint. LNRS denies that this matter may be properly maintained against it as a class action as defined in paragraph 35 of Plaintiffs' Complaint or otherwise. LNRS denies the remaining allegations in paragraph 35 of Plaintiffs' Complaint.

36. LNRS admits that Plaintiffs purport to bring this claim on behalf of a subclass. LNRS further admits that Plaintiffs purport to define the subclass as stated in paragraph 36 of Plaintiffs' Complaint. LNRS denies that this matter may be properly maintained against it as a class action as defined in paragraph 36 of Plaintiffs' Complaint or otherwise. LNRS denies the remaining allegations in paragraph 36 of Plaintiffs' Complaint.

37. No answer is necessary to paragraph 37 of Plaintiffs' Complaint because it only contains legal conclusions. To the extent a response is required, LNRS denies the allegations in

paragraph 37 of Plaintiffs' Complaint.  LNRS denies that this matter may be properly maintained against it as a class action.

38. No answer is necessary to paragraph 38 of Plaintiffs' Complaint because it only contains legal conclusions.  To the extent a response is required, LNRS denies the allegations in paragraph 38 of Plaintiffs' Complaint.  LNRS denies that this matter may be properly maintained against it as a class action.

39. No answer is necessary to paragraph 39 of Plaintiffs' Complaint because it only contains legal conclusions.  To the extent a response is required, LNRS denies the allegations in paragraph 39 of Plaintiffs' Complaint.  LNRS denies that this matter may be properly maintained against it as a class action.

40. No answer is necessary to paragraph 40 of Plaintiffs' Complaint because it only contains legal conclusions.  To the extent a response is required, LNRS denies the allegations in paragraph 40 of Plaintiffs' Complaint.  LNRS denies that this matter may be properly maintained against it as a class action.

41. No answer is necessary to paragraph 41 of Plaintiffs' Complaint because it only contains legal conclusions.  To the extent a response is required, LNRS denies the allegations in paragraph 41 of Plaintiffs' Complaint.  LNRS denies that this matter may be properly maintained against it as a class action.

42. LNRS denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43. LNRS denies the allegations in paragraph 43 of Plaintiffs' Complaint.

44. LNRS denies the allegations in paragraph 44 of Plaintiffs' Complaint.

45. LNRS denies the allegations in paragraph 45 of Plaintiffs' Complaint.

46. LNRS denies the allegations in paragraph 46 of Plaintiffs' Complaint.

LNRS denies all the remaining allegations in Plaintiffs' Complaint to the extent not expressly admitted above, and otherwise deny that they are liable to Plaintiffs for any of the requests for relief set forth in Plaintiffs' Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of Plaintiffs' Complaint, and without admitting or acknowledging that LNRS bears any burden of proof as to any of them, LNRS asserts the following defenses. LNRS intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and reserve the right to amend this Answer to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

Plaintiffs' Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' Complaint fails to the extent that Plaintiffs lack standing or have not taken action necessary to recover under the FCRA.

## THIRD ADDITIONAL DEFENSE

Any recovery Plaintiffs receive is subject to a set off if any damages are awarded against LNRS, in the amount of any damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages.  LNRS is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which LNRS continues to deny, were the result of acts or omissions of third persons over whom LNRS had neither control nor responsibility, or were the result of Plaintiffs' own prior conduct.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that LNRS provided accurate public record information to FactorTrust.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have waived or released their claims.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that Plaintiffs failed to join a necessary party to this litigation.

## NINTH ADDITIONAL DEFENSE

LNRS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, LexisNexis Risk Solutions Inc. requests this Court to enter a judgment:

1. denying Plaintiffs any and all relief in this case;
2. dismissing Plaintiffs' claims in their entirety;
3. dismissing this case with prejudice;
4. awarding LNRS its costs and attorneys' fees incurred in this case; and
5. granting LNRS all other remedies that the Court deems just and proper.

Dated: March 20, 2018         **LEXISNEXIS RISK SOLUTIONS INC.**

        <u>By: /s/ *Julie D. Hoffmeister*</u>
        Julie D. Hoffmeister
        Virginia Bar No. 87634
        TROUTMAN SANDERS LLP
        1001 Haxall Point
        Richmond, Virginia 23219
        Telephone: (804) 697-1200
        Facsimile: (804) 698-5118
        Email:  julie.hoffmeister@troutmansanders.com

# CERTIFICATE OF SERVICE

I certify that on this 20th day of March, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record:

Andrew Joseph Guzzo
Casey Shannon Nash
Kristi Cahoon Kelly
Kelly & Crandall PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030
703-424-7576
Fax: 703-591-0167
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com
Email: kkelly@kellyandcrandall.com

*Attorney for Plaintiffs*

By: /s/ *Julie D. Hoffmeister*
Julie D. Hoffmeister
Virginia Bar No. 87634
TROUTMAN SANDERS LLP
*Counsel for LexisNexis Risk Solutions Inc.*
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
Email: julie.hoffmeister@troutmansanders.com

34284876