**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| BRAD WINCHELL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:18-cv-47-HEH |
| ) | |
| LEXISNEXIS RISK SOLUTIONS FL, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE
ORDER ON PRIVILEGED DOCUMENTS**

Plaintiffs, by counsel, respectfully submit the following as their opposition to the Defendant's Motion for A Protective Order On Privileged Documents. (Dkt. No. 17.)

**INTRODUCTION**

Rather than meeting and conferring regarding the scope of a specific request, the Defendant, LexisNexis Risk Solutions Inc. ("LNRS"), seeks a blanket order permitting it to provide a privilege log after the Court rules on its objections. LNRS's request is inconsistent with the Court's Pretrial Order and seeks to set a dangerous precedent without any meaningful *proof* or description of an unreasonable burden. If LNRS genuinely believes a discovery request is overbroad or burdensome, it should meet and confer with Plaintiffs' counsel regarding the scope of a specific request (as Plaintiffs' counsel suggested); not file a motion based on theoretical disputes regarding potentially privileged documents.

**ARGUMENT**

The Court's Pretrial Order states that if a party objects on the basis of privilege, "the objecting party must provide the requesting party with an inventory list of documents to which objection is made, together with a brief description of the document, including the date, the author,

1

and the identity of each recipient, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection." (May 9, 2018 Pretrial Order, at Dkt. 7). "Under the Federal Rules, a Rule 16(b) scheduling order 'may be modified only for good cause and with the judge's consent." *Reese v. Va. Int'l Terminals, Inc.*, 286 F.R.D. 282, 285 (E.D. Va. 2012) (citing Fed. R. Civ. P. 16(b)(4)); *see also* Fed. R. Civ. P. 6(b)(1); Local Civ. R. 37(F). Similarly, Rule 26(c) requires a party to establish "good cause" to protect a party from unduly burdensome discovery. Fed. R. Civ. P. 26(c). *Lismont v. Alexander Binzel Corp.*, 2:12-cv-592, 2014 WL 12527482, at *1 (E.D. Va. Jan. 14, 2014). Under Rule 26(c)'s good cause requirement, the "burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Great Am. Ins. Co. v. Gross*, 3:05-cv-159, 2007 WL 1577503, at *12 (E.D. Va. 2007) (emphasis added) (citing *S.E.C. v. Dowdell*, 3:01-cv-00116, 2002 WL 1969664, *2 (W.D. Va. Aug. 21, 2002) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).

Other than conclusory statements, LNRS fails to provide any "particular and specific demonstration of fact" that creation of a privilege log would be unreasonably burdensome. Mere statements that discovery requests are burdensome—without specific facts regarding the cost, custodians searched, and review undertaken—does not satisfy Rule 26(c)'s good cause requirement. Worse yet, based on theoretical issues with three discovery requests, LNRS asks for a blanket order staying its privilege log obligations as to any requests—not narrowed topics that would be unreasonably burdensome at this stage. *See Courtade v. United States*, 243 F. Supp. 3d 699, 704 (E.D. Va. 2017) (denying a blanket request to stay discovery, in part, because there was an "easily available remedy" in the form of a protective order as to certain requests).

LNRS's request is also inconsistent with the Advisory Committee Notes to Fed. R. Civ. P. 26(b)(5)—the primary authority for LNRS's request. The Advisory Committee's notes do not authorize a party to withhold a privilege log until a court rules on its objections. Instead, the Advisory Committee notes provide:

> The obligation to provide pertinent information concerning withheld privileged materials applies only to items "otherwise discoverable." If a broad discovery request is made--for example, for all documents of a particular type during a twenty year period--and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, ***with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege.*** If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

1993 Advisory Committee Notes, Fed. R. Civ. P. 26 (emphasis added). Unlike the example, LNRS seeks a blanket order; not a narrow order based on a specific dispute over the scope of the relevant timeframe.[1] And if there is an actual dispute as to the proper scope of a certain request, the first step is a meet and confer with Plaintiffs' counsel; not a motion based on hypothetical burden.

In addition, the Eastern District of Virginia does not follow the two-step objection process that the Defendant proposes, which is based on a minority rule set forth by the District Court for the District of Columbia in *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*. 233 F.R.D. 209, 212-13 (D.D.C. 2006). Not one court in the Fourth Circuit has adopted such reasoning. *See, e.g.*,

---

[1] LNRS's position also ignores the 1993 Advisory Committee Notes to Rule 26(b)(5), which states that a party "must notify other parties if it is withholding materials . . . pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." FED. R. CIV. P. 26(b)(5), advisory committee's note to 1993 amendment.

*Twigg v. Pilgrim's Pride Corp.*, 3:05-cv-40, 2007 WL 676208, *26 (N.D. W.Va. Mar. 1, 2007); *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 222-23 (N.D. W. Va. 2007).

Further, the D.C. Circuit's minority rule would not shelter Defendant's claims of privilege because the Defendant has not provided any basis for the Court to find that it "reasonably believed that [its] objections applied[.]" *United States v. Philip Morris Inc.*, 347 F.3d at 954. Instead, Defendant has merely raised boilerplate and generic overbreadth, relevance, and undue burden objections to nearly every single request, largely without stating the reason that it believes that the request is overbroad or how it would cause the Defendant undue burden to respond to the requests. This shotgun approach to objections is at direct odds not only with the D.C Circuit's rule, but also with decisions of this Court, including Judge Lauck's decision in the *Cappetta* matter:

> Federal Rule of Civil Procedure 33(b)(4) requires that the grounds for any objection to an interrogatory must be "stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). [ . . . ] failure to make "specific legitimate objections to particular interrogatories [or requests for production] within the time allowed" may result in a court deeming any objections waived. *Pulsecard,* 168 F.R.D. at 304 (*quoting Casson Constr. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 379 (D. Kan.1980)).

*Cappetta v. GC Servs. Ltd. P'ship*, 3:08-cv-288, 2008 WL 5377934, at *2-3 (E.D. Va. Dec. 24, 2008).

The mere statement by a party that a discovery request is burdensome is not adequate to voice a successful objection to discovery. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The objecting party must objectively support its claim. It must demonstrate specifically how, given the liberal construction afforded the federal discovery rules, the discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the

4

burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980).; *see also Burns v. Image Films Entertainment*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996). Because Defendant has not made such a showing, its overbreadth objections are ineffective.

Defendant's relevance objections are similarly improper because the Defendant largely failed to demonstrate why the documents and information sought were not relevant or that the burden of production is so great as to outweigh the need for fair discovery and the goals of discovery. *Oleson v. KMart*, 175 F.R.D. 560, 565 (Kan. 1997); *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). The party seeking to deny discovery has an affirmative duty to articulate facts, as opposed to mere conclusions, regarding the alleged lack of relevancy or burden. Defendant has not made such a showing here. Instead, in most of its objections, the Defendant merely states that a document request or interrogatory seeks information that is "irrelevant" to the claims or defenses in this case.

And finally, Defendant's cry of undue burden, including as it relates to the production of ESI, is similarly ineffective because the Defendant has not provided any details regarding its so-called burden. The duty of establishing the propriety of an objection based on a claim that the request is unduly burdensome is on the objecting party. *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (Kan. 1991); *see also*, *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990); *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990); *Flora v. Hamilton*, 81 F.R.D. 576 (M.D.N.C. 1978). The objection must show with specificity how the discovery request is overly broad, burdensome, or oppressive and submit affidavits in support or offer evidence which reveals the nature of the burden. *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.C. 1984); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur*

*v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42-43 (S.D.N.Y. 1984); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991). *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa.) ("The onus is therefore on the party objecting to discovery to state the grounds for the objection 'with specificity.' Rule 33(b)(4). Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice.") Without a clear showing that the request is truly 'overly' burdensome, the objection will not be allowed. The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden. *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991); *see also*, *Luey v. Sterling Drug, Inc.*, 240 F. Supp. 632, 634-35 (W.D. Mich. 1965); *United States v Nysco Labs.*, 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960). The Defendant has provided no such proof in this case.

Taken to its literal conclusion, a party that merely objected to every single discovery request with these two words: "Objection: Relevance" would *never* have any privilege log responsibility until the opposing party engaged in a meet-and-confer effort and obtained a ruling from the Court on the objection. LNRS's request is not only contrary to the Court's Pretrial Order and Rule 26, but it seeks to set a dangerous precedent. If parties could withhold privilege logs until the Court overruled objections, it will undoubtedly delay and prolong discovery in almost every case. Among other things, parties would be required to move to strike objections to merely determine what documents, if any, were being withheld on the grounds of privilege. LNRS's approach would also encourage and reward parties who abuse discovery objections—a practice already too common in modern litigation. *See, e.g.*, *Sec. Nat. Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 596 (N.D. Iowa 2014) ("Today's 'litigators' are quick to dispute discovery

6

requests, slow to produce information, and all-too-eager to object at every stage of the process. They often object using boilerplate language containing every objection imaginable[.]"). Moreover, LNRS's approach is unnecessary if counsel conduct themselves in the manner expected by this Court, *i.e.*, meeting and conferring in good faith regarding a genuine discovery dispute and only involving the Court on narrow, important disputes.

## CONCLUSION

Accordingly, the Plaintiffs respectfully request that the Court deny the Defendant's Motion for a Protective Order on Privileged Documents.

        Respectfully submitted,
        **PLAINTIFFS**

        By: */s/ Kristi C. Kelly*
        Kristi C. Kelly, Esq., VSB #72791
        Andrew J. Guzzo, Esq., VSB #82170
        Casey S. Nash, Esq., VSB #84261
        KELLY & CRANDALL, PLC
        3925 Chain Bridge Road, Suite 202
        Fairfax, VA 22030
        (703) 424-7572
        (703) 591-0167 Facsimile
        Email: kkelly@kellyandcrandall.com
        Email: aguzzo@kellyandcrandall.com
        Email: casey@kellyandcrandall.com
        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 6th of July, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                      _____/s/_____
                                                Kristi Cahoon Kelly, Esq. (VSB #72791)
                                                KELLY & CRANDALL, PLC
                                                3925 Chain Bridge Road, Suite 202
                                                Fairfax, VA 22030
                                                Tel: 703-424-7572
                                                Fax: 703-591-0167
                                                Email: kkelly@ kellyandcrandall.com
                                                *Counsel for the Plaintiffs*